GEO. B. SMITH CHEMICAL WORKS, INC., A NEVADA CORPORATION, APPELLANT, v. PETER A. SIMON II, DBA POP'S OASIS, RESPONDENT.

No. 8422

October 20, 1976                          555 P.2d 216

[Rehearing denied November 22, 1976]

*McNamee, McNamee & Rittenhouse,* Las Vegas, for Appellant.

*Jones, Jones, Bell, LeBaron & Close* and *Joseph W. Brown,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent's predecessor in interest leased unimproved desert land to appellant for a ten-year term. Appellant was given the right to extend the lease for three successive terms thereafter "provided that with respect to each extended term the Lessee shall *at the commencement of said term be operating a manufacturing plant* on the demised premises." (Emphasis added.)

Appellant erected a plant on the premises and, at the conclusion of its initial term, timely sought an extension pursuant to the provisions of the lease. Although the plant was operating at the commencement of the extended term, respondent refused to grant the extension because of appellant's prior sporadic operation of the plant and brought suit to obtain possession of the premises. Finding the provision "operating a manufacturing plant" ambiguous, the district court took parol evidence over appellant's objections regarding the meaning of that term and ruled the parties intended the right of extension only if plant

operations were on a sustained basis during the initial term. Because appellant's operations were only sporadic, the district court voided the lease, finding appellant was "not operating a manufacturing plant" within the meaning of the lease provision. Appellant contends this interpretation by the district court is erroneous. We agree.

Where, as here, a written contract is clear and unambiguous on its face, extraneous evidence cannot be introduced to explain its meaning. Lindley & Co. v. Piggly Wiggly, 55 Nev. 458, 39 P.2d 903 (1935). By disregarding the plain language of the lease and inserting words not used by the parties requiring continuous plant operations during the initial term, the district court revised the agreement while professing to construe it. This was error. Mohr Park Manor, Inc. v. Mohr, 83 Nev. 107, 424 P.2d 101 (1967); Club v. Investment Co., 64 Nev. 312, 182 P.2d 1011 (1947).

Reversed.