SCHWARZER, Senior District Judge:
 

 This case involves the disposition of a claim by the Internal Revenue Service (“IRS”) against Noel Olshan, the debtor in bankruptcy, for unpaid taxes. The bankruptcy court rejected the claim, but the district court reversed and remanded for further proceedings, ruling that the bankruptcy court had erred in applying the burden-shifting rubric for resolving tax claims. The bankruptcy trustee, R. Todd Neilson, appeals the district court’s order.
 

 The threshold issue is whether we have jurisdiction to hear this appeal, given that the district court remanded the case for further proceedings rather than entering a final judgment. Because we find that our resolution of the central question on appeal will materially aid the bankruptcy court in reaching its disposition on remand and serve the interest of judicial efficiency, we will reach the merits of the appeal. On the merits, we agree with the district court that the bankruptcy court erred in rejecting the IRS’s claims for unreported non-
 
 *1081
 
 business income and overstated business deductions after finding that the IRS’s method of computing Olshan’s unreported business income was flawed. We also agree that the bankruptcy court erred in rejecting the IRS’s claim for unreported business income in its entirety after finding that Olshan had rebutted the presumption of correctness that attached to the IRS’s Proof of Claim (“POC”). Finally, we find that the undisputed evidence in the record will enable the bankruptcy court, to compute the amounts of unreported business income, over-stated business deductions and unreported nonbusiness income, and we therefore remand the ease to the bankruptcy court to determine the extent of Olshan’s liability for taxes, penalties, and interest.
 

 I. FACTUAL AND PROCEDURAL HISTORY
 

 Olshan was convicted of insurance fraud in 1996. The conviction attracted the attention of the IRS which conducted an audit of Olshan’s tax returns. During the audit, Olshan refused to provide testimony, information, or records for the relevant tax periods, thus forcing the IRS to employ an “indirect” method of computing his business income in those years. The IRS used bank statements to compute the total deposits into Olshan’s client trust accounts, determined an average contingency fee percentage for each client, and applied that average to Olshan’s contingency fee contracts during the tax years in question. It determined that Olshan had seriously understated his business income for the tax years 1991 and 1992. It also found, using more orthodox methodology, that Ol-shan had overstated business deductions and underreported nonbusiness income in those years. In August 1996 the IRS issued a jeopardy assessment and recorded a notice of federal tax lien against Olshan’s property.
 

 In 1997 Olshan filed a petition for bankruptcy in Chapter 11, later converted to Chapter 7. R. Todd Neilson was appointed trustee. The IRS filed a POC to collect deficiencies remaining after the tax lien. Neilson then brought this adversary proceeding for a judicial determination of'Ol-shan’s tax liabilities for the 1991 and 1992 tax years.
 
 [1]
 
 He alleged that the IRS’s claims were overstated, that the allowed priority tax claim had been paid in full through the seizure of Olshan’s assets, and that the lien was invalid.
 

 Prior to trial in the bankruptcy court, Neilson and the IRS signed a joint pretrial order, stipulating that:
 

 • The liabilities for taxes, penalties and interest set forth in the POC for the 1991 and 1992 tax years were overstated.
 

 • The jeopardy assessment was overstated.
 

 • Olshan’s claimed business expense deductions for 1991 and 1992 exceeded the amounts substantiated by $131,593.03.
 

 • Olshan received unreported nonbusiness income during 1991 and 1992 of $160,635.
 

 • Olshan deposited in excess of $12 million in client trust accounts controlled by him during 1991 and 1992.
 

 Prior to trial, the bankruptcy court ruled that the trustee had successfully rebutted the presumption of correctness that attached to the POC and that the IRS had the burden of proving the correctness of the claim in all respects. Following trial, the court entered oral findings of fact and conclusions of law. It first adopted the parties’ stipulations in the joint pretrial order. After review of the trial evidence,
 
 *1082
 
 it found that the IRS’s methodology for determining business income was deeply flawed. In particular, the court found that the IRS had failed to review certain accounts under Olshan’s control that would have provided more information, and that the IRS had improperly construed all deposits into other accounts as business income without regard to the deposits’ source or disposition. Based on these findings, the court disallowed the entire POC for 1991 and 1992 to the extent it claimed a tax liability greater than that shown on Olshan’s tax returns.
 

 The IRS appealed to the district court. That court held that even if the bankruptcy court correctly shifted the burden of proof to the IRS and correctly found that the IRS had “botched” its investigation of Olshan’s tax liability,
 
 [2]
 
 it erred in not giving effect to the trustee’s pretrial stipulation and trial evidence. Case law, the court held, directs the court to consider all evidence presented in determining the extent to which a claim should be allowed and does not sanction the bankruptcy court’s “all or nothing” approach. Because the record established that Olshan had grossly underreported his taxes, it provided a basis for an adjustment, even if not in the amount sought by the IRS. Accordingly, the court remanded the case with directions to recompute Olshan’s tax liability consistent with its decision and to determine penalties and interest.
 

 The trustee now appeals.
 

 II. JURISDICTION
 

 At the threshold we must decide whether we have jurisdiction. “We have jurisdiction to review final orders of a district court acting in its bankruptcy appellate capacity under either 28 U.S.C. § 158(d) or 28 U.S.C. § 1291.”
 
 Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell),
 
 223 F.3d 1035, 1038 (9th Cir.2000);
 
 see also Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Vill. Resort, Ltd.),
 
 81 F.3d 103, 106 (9th Cir.1996). “However, a district court’s order is ordinarily not final ‘when the district court remands for further factual findings related to a central issue raised on appeal.’ ”
 
 Lundell,
 
 223 F.3d at 1038 (quoting
 
 Bonner Mall P’ship v. U.S. Bancorp Mortgage Co. (In re Bonner Mall P’ship),
 
 2 F.3d 899, 904 (9th Cir.1993)). “Nevertheless, we have taken a pragmatic approach in determining finality in light of the unique nature of bankruptcy proceedings where a district court reverses a bankruptcy court decision and remands for further proceedings.”
 
 Id.
 
 (internal quotation marks omitted). In certain instances, we will deem such orders final.
 

 In
 
 Stanley,
 
 we drew on prior ease law to identify four factors relevant in determining whether a district court’s decision remanding a case to the bankruptcy court is a final decision under § 158(d):
 

 (1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court’s role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm.
 

 81 F.3d at 106 (citing
 
 Vylene Enters., Inc. v. Naugles, Inc. (In re Vylene Enters., Inc.),
 
 968 F.2d 887, 895-96 (9th Cir.1992)).
 

 In recent cases we have employed a more liberal approach to determining finality. In
 
 North Slope Borough v. Barstow (In re Bankr. Estate of Markair, Inc.),
 
 308 F.3d 1057, 1059-60 (9th Cir.2002), and
 
 Lundell,
 
 223 F.3d at 1038, we applied the two-factor test set forth in
 
 Bonner Mall.
 
 The test asks whether the central issue raised on appeal “is legal in nature and its resolution either (1) could dispose of the
 
 *1083
 
 case or proceedings and obviate the need for factfinding; or (2) would materially aid the bankruptcy court in reaching its disposition on remand.”
 
 Lundell,
 
 223 F.3d at 1038 (citing
 
 Bonner Mall, 2
 
 F.3d at 904);
 
 see also Saxman v. Educ. Credit Mgmt. Corp. (In re Saxman),
 
 325 F.3d 1168, 1171-72 (9th Cir.2003) (applying the
 
 Vylene
 
 four-factor test and the
 
 Bonner Mall
 
 two-factor test interchangeably);
 
 Alexander v. Compton (In re Bonham),
 
 229 F.3d 750, 763 (9th Cir.2000) (“We have' applied two related' balancing tests in determining finality, both in conjunction and separately.”). ’ '
 

 We accept jurisdiction here. The appeal concerns primárily a question ’of law: Whether the bankruptcy court properly applied the burden-of-proof rubric governing tax claims. Resolution of that question will materially aid the bankruptcy court’s determination of the extent to which the IRS’s claim should be allowed. • Although the remand to the bankruptcy court involves factual matters, we have accepted appellate jurisdiction in such cases where, as here, they are not disputed.
 
 See Lundell,
 
 223 F.3d at, 1038-39 (accepting jurisdiction where remand to correct bankruptcy court’s wrong allocation of burden of proof);
 
 DeMarah v. United States (In re DeMarah),
 
 62 F.3d 1248, 1250 (9th Cir.1995) (accepting jurisdiction where remand for entry of order allocating amount" and extent of tax liens);
 
 see also Bonner Mall,
 
 2 F.3d at 904 (accepting jurisdiction where, depending on outcome of appeal, remand could require bankruptcy court in Chapter 11 proceedings to make new-value determination). Remand here will simply éntail computation- of taxes, interest, and penalties due on the basis of the evidence in thé record. Moreover, accepting jurisdiction will serve the interests of judicial economy, avoiding a renewed appeal at the conclusion of the bankruptcy proceedings on‘the question before us now. “Here ... the policy of judicial -economy, which militates in favor of our asserting jurisdiction, strongly outweighs the need to avoid piecemeal appeals.”
 
 Id.
 
 at 905.
 

 III. STANDARD OF REVIEW
 

 We review de novo a district court’s judgment on appeal from a bankruptcy court.
 
 Neilson v. Chang (In re First T.D. & Inv., Inc.),
 
 253 F.3d 520, 526 (9th Cir.2001). ' We apply the same standard of review applied by the district court, reviewing the bankruptcy court’s legal conclusions de novo and its factual determinations for clear error.
 
 Id.
 

 IV. THE MERITS
 

 A. The Sufficiency of the IRS’s POC
 

 Neilson contends that the district court erred in reversing the bankruptcy court’s. rejection of the POC because the POC failed to prove a fixed dollar amount claimed as required by 11 U.S.C. § 502. Section 502 provides the procedure for allowance of claims in bankruptcy to which objection has been made. Contrary to Neilson’s argument, it does not require the IRS to prove the “specific dollar amount” of its claim. Indeed, the statute directs the bankruptcy court, after hearing, to “determine the amount of [the] claim in lawful currency of the United States.” § 502(b). The fact that the court is charged with “determining” the amount of the claim refutes the contention that the amount of the claim must be fixed in the POC and that the bankruptcy court merely sits to allow or reject the POC.
 
 See Rein v. Providian Fin. Corp.,
 
 270 F.3d 895, 900 n. 7 (9th Cir.2001) (stating that under § 502, when a debtor objects to a claim, “the bankruptcy court, will hold a hearing and formally allow the claim
 
 to the extent proper
 
 ”) (emphasis added).
 

 The Bankruptcy Code, moreover, specifically provides for determination of .tax liability. 11 U.S.C. § 505. Under that
 
 *1084
 
 section, the bankruptcy court “may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to a tax.” § 505(a)(1). Section 505 was intended to “authorizef ] the bankruptcy court to rule on the merits of any tax claim involving an unpaid tax, fíne, or penalty relating to a tax ... of the debtor or the estate.” 124 Cong. Reo. 32413 (Sept. 28, 1978). As the district court noted, ruling on the merits of a tax claim involves determining the
 
 correct
 
 amount of the tax. Accordingly, because the bankruptcy court was obliged to determine the correct amount of Olshan’s tax liability, the POC was not deficient.
 

 B. The Bankruptcy Court’s Rejection of the Entire POC
 

 The bankruptcy court found fundamental flaws in the POC/but its findings relate entirely to the claim for unreported business income. Based on these findings, it disallowed the POC in its entirety. The court made no findings with respect to unreported nonbusiness income or overstated business deductions.
 

 A bankruptcy court adjudicating a tax claim by the IRS must apply the burden-of-proof rubric normally applied under tax law.
 
 See Raleigh v. Ill. Dep’t of Revenue,
 
 530 U.S. 15, 20-21, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000). “In an action to collect taxes, the government bears the initial burden of proof.”
 
 Palmer v. United States,
 
 116 F.3d 1309, 1312 (9th Cir.1997) (citing
 
 United States v. Stonehill,
 
 702 F.2d 1288, 1293 (9th Cir.1983)). That burden is satisfied by the IRS’s “deficiency determinations and assessments for unpaid taxes,” which are presumed correct “so long as they are supported by a minimal factual foundation.”
 
 Id.
 
 However, “[a] showing by the taxpayer that a determination is arbitrary, excessive or without foundation shifts the burden of proof back to the IRS.”
 
 Id.
 
 (citing
 
 Helvering v. Taylor,
 
 293 U.S. 507, 515-16, 55 S.Ct. 287, 79 L.Ed. 623 (1935)). Thus, once the debtor rebuts the presumption, the burden reverts to the IRS to show that its determination was correct.
 
 See Keogh v. Comm’r,
 
 713 F.2d 496, 501 (9th Cir.1983).
 

 The bankruptcy court made two errors in applying the b,urden shifting rubric governing tax claims: First, it erroneously rejected the IRS’s claims for unreported nonbusiness income and overstated business expense deductions even though those claims had not been found to be arbitrary or excessive; second, it erroneously rejected the claim for unreported business income in its entirety without considering evidence supporting a portion of that claim.
 

 1. The bankruptcy court improperly rejected the nonbusiness income and business expense deduction items
 

 Under the bankruptcy court’s ruling, where the taxpayer has succeeded in proving one item of the IRS’s claim to be arbitrary and excessive, the burden of proof is shifted as to all items of the POC. Indeed, the court went further: Having found one item of the POC to be arbitrary and excessive, it rejected the entire POC without regard to the stipulated facts supporting the remaining items. The court erred because “[w]here an assessment is based on more than one item, the presumption of correctness attaches.to each item. Proof that an item is in error destroys the presumption for that single item; the remaining items retain their presumption of correctness.”
 
 Stonehill,
 
 702 F.2d at 1294 (citing
 
 Clark v. Comm’r,
 
 266 F.2d 698, 707 (9th Cir.1959));
 
 see also Gran v. IRS (In re Gran),
 
 964 F.2d 822, 828 (8th Cir.1992) (“When the taxpayer introduces evidence that refutes the government’s proof of claim in a bankruptcy proceeding, any burden shifting to the gov
 
 *1085
 
 ernment of coming forward with relevant evidence involves only those elements that the taxpayer has challenged.”)- Only where the error “demonstrates a pattern of arbitrariness or carelessness will [it] destroy the presumption for the entire assessment.”
 
 Stonehill,
 
 702 F.2d at 1294.
 

 The bankruptcy court’s findings addressed the flaws in the IRS’s methods used to compute Olshan’s unreported business income, but it made no findings with respect to the separate items of the POC concerning Olshan’s unreported nonbusiness income or overstated business expense deductions. As to those items, the parties’ stipulated joint pretrial order established that for the years 1991 and 1992, Olshan had unreported nonbusiness income of $160,635 and took business deductions exceeding the substantiated amounts by $131,593. The trustee was bound by the pretrial order.
 
 See
 
 Fed.R.Civ.P. 16(e) (stating that the pretrial order “shall control the subsequent course of the action unless modified by a subsequent order” and “shall be modified only to prevent manifest injustice”);
 
 United States v. First Nat’l Bank of Circle,
 
 652 F.2d 882, 886 (9th Cir.1981). The bankruptcy court made no finding that enforcing the pretrial order would result in manifest injustice. It was therefore error for the court to reject the unreported nonbusiness income and overstated business deductions items.
 

 2. The bankruptcy court improperly refused to allow any recovery for unreported business income
 

 The bankruptcy court also erred in disallowing any recovery for unreported business income. The court’s finding that Neilson had rebutted the presumption of correctness that had attached to this determination, and that the IRS’s method of computation was defective, stands unchallenged. But that finding did not end the inquiry. When a debtor rebuts a presumption of correctness, the government still has an opportunity to prove its claim.
 
 See Stonehill,
 
 702 F.2d at 1294 (holding that if a taxpayer rebuts the presumption of correctness, “the burden of proving the deficiency then reverts to the government”). Here, evidence was submitted establishing the existence of unreported business income. Vernon Calder, an accountant employed by the trustee, testified — supported by exhibits — that his firm’s review of Olshan’s books and records showed that Olshan had under-reported his business income for 1991 and 1992 by $177,102 and $211,188, respectively. As the district court noted, the bankruptcy court’s determination “must ... rest on all the evidence introduced.”
 
 Clark,
 
 266 F.2d at 706. While the IRS did not introduce the evidence, the trustee’s evidence stands unrebutted and sufficed to support
 
 pro tanto
 
 the IRS’s POC for unreported business income.
 
 See Helvering,
 
 293 U.S. at 515, 55 S.Ct. 287 (“Frequently, if not quite generally, evidence adequate to overthrow the commissioner’s finding is also sufficient to show the correct amount, if any, that is due.”). The bankruptcy court erred in failing to allow this claim in the amount established by the trustee’s evidence.
 

 V. CONCLUSION
 

 For the reasons stated, we agree with the district court that the bankruptcy court erred in rejecting the POC. We remand to the bankruptcy court for further proceedings consistent with this opinion. Specifically, we instruct the bankruptcy court to determine:
 

 (1) the amount of unreported business income on the basis of the evidence presently in the record, specifically, the trustee’s accountant’s evidence;
 

 (2) the amount of overstated business deductions on the basis of the evidence
 
 *1086
 
 now in the record, specifically, the- stipulated joint pretrial order;
 

 (3) the amount of unreported nonbusi-n'ess income on the basis of the evidence now in the record, specifically; the stipulated joint pretrial order; and
 

 (4) based on the foregoing determinations, the amount of tax owed and the interest and penalties due.
 

 SO ORDERED, REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . The trustee did not dispute the IRS’s claims for 1995 and 1996, the bankruptcy court allowed those claims, and they are not in issue on this appeal.
 

 [2]
 

 . Neither party challenges those rulings on this appeal.