*922 MEMORANDUM **
Chapter 11 Debtor James W. Keenan appeals the district court’s order affirming the bankruptcy court’s order denying his motion for removal of Ross M. Pyle as the liquidating Trustee. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the district court’s decision on appeal from a bankruptcy court. See In Re Olshan, 356 F.3d 1078, 1083 (9th Cir.2004). The bankruptcy court’s conclusions of law are reviewed de novo and its factual findings for clear error. Id. We accept the bankruptcy court’s findings of fact unless upon review we are left with a definite and firm conviction that a mistake has been committed. See Latman v. Burdette, 366 F.3d 774, 781 (9th Cir.2004).
The district court affirmed the bankruptcy court’s ruling that there was no basis in law or fact for removal of the Trustee either under the terms of the Plan of Reorganization or by statute. The district court also affirmed the bankruptcy court’s ruling that the Trustee did not have a conflict of interest or an interest adverse to the Estate which necessitated his removal. Debtor’s arguments do not leave us with a definite and firm conviction that a mistake has been committed. Id. Nor are we in a position to resolve Debt- or’s arguments concerning the closure order entered by the bankruptcy court. The district court held, on appeal, that the closure order was not an abuse of the bankruptcy court’s discretion, and that decision became final once we dismissed Debtor’s appeal. See Keenan v. Pyle (In re Keenan), No. 04-56252 (9th Cir. Dec. 28, 2004) (order). Thus, to the extent that Debtor seeks removal of the Trustee because of the closure order, he is barred from pressing those claims here. Accepting the bankruptcy court’s findings of fact as true, we conclude that the district court did not err in affirming the bankruptcy court’s order denying Keenan’s motion for removal of Pyle as the liquidating Trustee.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.