In the Matter of: Kent HANDELSMAN, Debtor–Appellant,

Shanna Handelsman, Debtor–Appellant,

v.

Jan P. Johnson, Chapter 13 Trustee; United States Trustee Internal Revenue Service; IRS Centralized Insolvency Operations; United States of America; IRS Insolvency, Section, Appellees.

No. 07–15901.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2008.*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

557

Filed Dec. 5, 2008.

Mark A. Wolff, Wolff & Wolff, Elk Grove, CA, for Debtor–Appellant.

Bethany B. Hauser, Esquire, Regina S. Moriarty, Paul S. Ham, Esquire, DOJ— U.S. Department of Justice, Washington, DC, Sacramento, CA, U.S. Trustee, Esquire, United States Trustee's Office, Sacramento, CA, for Appellees.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: HUG, NOONAN and IKUTA, Circuit Judges.

## MEMORANDUM **

Kent and Shanna Handelsman (collectively, Handelsman) appeal the district court's order affirming the bankruptcy court's decision that the Bankruptcy Code does not permit Handelsman to offset his federal income tax debt with the "present value" of his short-term capital loss (STCL) carryover. We review the district court's judgment de novo and "apply the same standard of review applied by the district court, reviewing the bankruptcy court's legal conclusions de novo and its factual determinations for clear error." *Neilson v. United States (In re Olshan)*, 356 F.3d 1078, 1083 (9th Cir.2004). We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.

Handelsman's assertion that he is entitled to offset under subsection 106(c) of the Bankruptcy Code is misguided. Subsection 106(c) only permits offset against the United States if a debtor has a claim against the government. *See* 11 U.S.C. § 106(c). For purposes of the Bankruptcy Code, the debtor's claim must be an "enforceable obligation" to receive payment. *See* 11 U.S.C. § 101(5)(A); *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (internal citation omitted). Despite Handelsman's contentions to the contrary, his STCL carryover does not give rise to a legal obligation to receive payment from the United States under tax, bankruptcy, or common law.

The Internal Revenue Code (IRC) does not require payment from the United States to a taxpayer *unless* a taxpayer has

overpaid his taxes. *See* I.R.C. § 6401; *Lewis v. Reynolds,* 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293 (1932) ("An overpayment must appear before refund is authorized."). Handelsman has not identified any such overpayment, so he has no claim for payment from the government. An STCL carryover cannot be used to reduce taxable income below zero, so the carryover will never give rise to an overpayment in taxes. *See* I.R.C. §§ 1211(b) & 1212(b). Moreover, the IRC does not permit an individual taxpayer to carry back short-term capital losses. *See* I.R.C. § 1212(b). Therefore, Handelsman's right to payment "presents an element of total contingency" that does not satisfy the broad definition of a "claim." *See Gordon v. Hines (In re Hines),* 147 F.3d 1185, 1191 n. 9 (9th Cir.1998).

We also agree with the bankruptcy court that § 106(c) does not create a right to offset in itself but merely waives the government's immunity when claims arise from nonbankruptcy law. This interpretation is consistent with both the plain language of the Bankruptcy Code, *see* § 106(a)(5) ("Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title . . . ."), and with Ninth Circuit case law. *See Hal, Inc. v. United States (In re Hal, Inc.),* 122 F.3d 851, 852 (9th Cir.1997) ("The Bankruptcy Code does not create a right to setoff; it merely preserves the right already given in a nonbankruptcy context.") (citing *Citizens Bank of Md. v. Strumpf,* 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995)). In short, § 106(c) does not create its own cause of action.[1]

Handelsman's averment that he has a claim at common law is erroneous because the right to offset requires mutual debts. *See Strumpf,* 516 U.S. at 18, 116 S.Ct. 286. The United States does not owe Handelsman any money; therefore, he has no common-law claim.

Because we hold that Handelsman does not have a claim against the government, we need not address his remaining arguments.

**AFFIRMED.**

---

1. Handelsman's argument that § 106(b) creates a substantive right fails as well because application of that subsection is also conditioned upon a claim against the government. *See* 11 U.S.C. § 106(b).

