FILED

**NOT FOR PUBLICATION**

FEB 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID A. BRADLOW, Plan Disbursing Agent for the Estate of Melvin M. Belli, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> THE CASTANO GROUP; et al., <br><br> Defendants-Appellees. | No. 08-16172 <br><br> D.C. No. 3:06-cv-05344-MJJ <br><br> MEMORANDUM * |

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Argued and Submitted December 8, 2009
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and LUCERO,** Circuit Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

The bankruptcy estate of Melvin Mouron Belli (the "Estate") appeals the district court's affirmance of a partial summary judgment order entered by the bankruptcy court in favor of the Castano Group. Exercising jurisdiction under 28 U.S.C. § 158(d), we affirm.

**I**

Belli was a prominent California attorney who practiced law under the name "the Law Offices of Melvin M. Belli."[1] In 1994, Belli joined with other attorneys to form an unincorporated consortium known as the Castano Group. The purpose of the group was to fund and coordinate multiple lawsuits against tobacco companies. Although the Castano Group initially lacked a written partnership agreement, Belli and other founders made capital contributions to the group.

The Castano Group's first major initiative involved filing a federal class action suit on behalf of all smokers and nicotine-dependent individuals in the United States, as well as survivors of individuals who had suffered tobacco-related deaths. Although the group obtained class certification in the district court, Castano v. Am. Tobacco Co., 160 F.R.D. 544, 559-60 (E.D. La. 1995), the Fifth

---

[1] This court "view[s] the evidence and inferences therefrom in the light most favorable to" the Estate. Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775, 788 (9th Cir. 2007) (quotation omitted).

Circuit later decertified the class, Castano v. Am. Tobacco Co., 84 F.3d 734, 752 (5th Cir. 1996). Belli was personally involved in this litigation.

Unfortunately, Belli began having personal problems during the Castano case. In December 1995, he filed for Chapter 11 bankruptcy protection. Shortly thereafter, Belli was diagnosed with a terminal illness. He passed away in July 1996.

Just weeks after Belli's death, the Castano Group filed suit in Ellis v. R.J. Reynolds Tobacco Co., No. 706458 (Cal. Super. Ct. filed July 26, 1996), a case that ultimately led to a master settlement agreement under which the Castano Group received $1.25 billion in attorneys' fees. Around the same time, the Castano Group reduced its formerly implied partnership agreement to writing. The Castano Plaintiffs Attorneys Agreement ("1996 Agreement") was signed in October 1996, but was "entered into effective as of January 1, 1994." The 1996 Agreement lists the Law Offices of Melvin M. Belli as a member, with Belli's son as representative.[2]

On July 14, 2004, the Estate filed a complaint against the Castano Group in bankruptcy court, claiming entitlement to a portion of the $1.25 billion fee award. The bankruptcy court granted summary judgment in favor of the Castano Group on

---

[2] Belli's son does not have an ownership interest in the Law Offices of Melvin M. Belli.

the Estate's claims to a portion of the Ellis award, but let proceed the Estate's claim to an ownership interest in the Castano Group as valued at the time of Belli's death. After the parties stipulated that the Estate's remaining claim was valued at $50,000, the court certified its partial grant of summary judgment as final pursuant to Federal Rule of Civil Procedure 54(b). The district court affirmed, and the Estate timely appealed.

## II

This court reviews "de novo a district court's judgment on appeal from a bankruptcy court." Neilson v. United States (In re Olshan), 356 F.3d 1078, 1083 (9th Cir. 2004) (citation omitted). Viewing the facts in the light most favorable to the Estate, we must determine if "there are no genuine issues of material fact" warranting a trial. Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998). We conclude that the Estate fails to demonstrate a genuine issue of material fact regarding its entitlement to a portion of the Ellis award under either the 1996 Agreement or the earlier implied agreement.

The Law Offices of Melvin M. Belli was organized as a sole proprietorship, which lacks legal existence independent of the sole proprietor under Louisiana

law.[3] See Robinson v. Heard, 809 So. 2d 943, 946 (La. 2002).  Accordingly, the Estate cannot claim a portion of the Ellis award as the owner of the Law Offices of Melvin M. Belli.

As a result, the Estate may only base its claim on a subrogation theory—that is, it may claim only funds to which Belli would be personally entitled had he not filed for bankruptcy.  See 11 U.S.C. § 541(a); Begier v. IRS, 496 U.S. 53, 59 (1990).  Had he not filed for bankruptcy, Belli's personal interest in the Castano Group would have terminated at the time of his death.  See La. Civ. Code art. 2818.  When a partner's interest is terminated, he is entitled to receive only "an amount equal to the value [of his partnership interest] at the time membership ceased," unless the parties agreed to compensate the former partner in a different amount.  Id. art. 2823.

Thus, to be entitled to a portion of the $1.25 billion award, the Estate must come forward with evidence showing that the parties agreed to pay Belli a portion of any fee awards earned by the Castano Group after Belli's death.  It fails to do so.

The text of the 1996 agreement does not provide for payment to former partners for fees awarded after their departure.  Contrary to the Estate's contention, the inclusion of the Law Offices of Melvin M. Belli in the 1996 Agreement's list of

---

[3] The parties agree that federal bankruptcy law, Louisiana partnership law, and Louisiana contract law govern this action.

members does not demonstrate a binding agreement to compensate Belli's successor-in-interest using future fee awards. If anything, it indicates a mistaken assumption that the Law Offices of Melvin M. Belli continued to exist as a legal entity after Belli's death.

Nor does the Estate proffer evidence that an earlier implied agreement entitled former members of the Castano Group to collect post-departure fees. Statements made by a founding Castano Group member suggest that current members of the group may be entitled to proceeds from actions on which they did not work. However, these statements shed no light on the rights of former members.

## III

For the foregoing reasons, we **AFFIRM** the judgment of the district court.