**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: SOUTH EDGE, LLC,<br><br>       Debtor.<br>_____<br><br>C&S COMPANY, INC.,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>CYNTHIA NELSON, Chapter 11 Trustee<br>of the Estate of South Edge, LLC; et al.,<br><br>       Defendants - Appellees. | No. 12-17255<br><br>D.C. No. 2:11-cv-01607-LRH-VCF<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 12, 2014[**]
San Francisco, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2)(C).

Before: FISHER, RAWLINSON, and MURGUIA, Circuit Judges.

C&S Company appeals the district court's order affirming the bankruptcy court's decision allowing C&S's claim to proceed as nonrecourse, but barring recovery from South Edge's bankruptcy estate. We have jurisdiction under 28 U.S.C. § 158(d)(1). Reviewing the bankruptcy court's rulings independently, *Neilson v. United States (In re Olshan)*, 356 F.3d 1078, 1083 (9th Cir. 2004), we affirm.

C&S argues that the bankruptcy court made an error of law, and therefore abused its discretion, when it determined that the Stipulation Regarding Relief from the Automatic Stay unambiguously prevented C&S from recovering against South Edge's bankruptcy estate. *See Koon v. United States*, 518 U.S. 81, 100 (1996) ("The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions."). We hold that the bankruptcy court did not abuse its discretion in sustaining the Estate's objection to C&S's proof of claim.

"The interpretation of a settlement agreement is governed by principles of state contract law." *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993) (citing *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989)). Under Nevada law, "[a] contract is ambiguous only when it is subject to more than one reasonable

2

interpretation." *State ex rel. Masto v. Second Judicial Dist. Court ex rel. Cnty. of Washoe*, 199 P.3d 828, 832 (Nev. 2009). Contrary to C&S's assertion, the bankruptcy court did not find that the Stipulation was subject to more than one reasonable interpretation. Instead, the bankruptcy court repeatedly stated that the Stipulation's terms were "clear." We agree with the bankruptcy court. In the Stipulation, C&S promised that it would not "exercise any right, remedy or claim" against South Edge or South Edge's bankruptcy estate. "Any claim" unambiguously includes a claim made within bankruptcy proceedings. A contract is not ambiguous "simply because the parties disagree on how to interpret their contract." *Galardi v. Naples Polaris*, LLC, 301 P.3d 364, 366 (Nev. 2013).

Because the terms of the Stipulation are unambiguous, any extrinsic evidence of the parties' intentions with respect to those terms is irrelevant. *See Kaldi v. Farmers Ins. Exch.*, 21 P.3d 16, 21 (Nev. 2001) ("Where 'a written contract is clear and unambiguous on its face, extraneous evidence cannot be introduced to explain its meaning.'" (quoting *Geo. B. Smith Chem. Works, Inc. v. Simon*, 555 P.2d 216, 217 (Nev. 1976)). Further, the bankruptcy court did not abuse its discretion when it denied C&S's untimely motion for an evidentiary hearing. *See Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc)*,

3

503 F.3d 933, 946 (9th Cir. 2007) (affirming bankruptcy court's denial of an evidentiary hearing where additional evidence was unnecessary for the decision).

**AFFIRMED.**