### In re Bryon A. PARFFREY.

### No. 96–45860–H2–13.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

May 28, 2001.

Marjorie A. Payne Britt, Bellaire, TX, for debtor.

David B. Mora, for the United States.

David G. Peake, Houston, TX, for Chapter 13 trustee.

### FINDINGS AND CONCLUSIONS CONCERNING MOTION BY UNITED STATES TO DISMISS (doc # 35)

WESLEY W. STEEN, Bankruptcy Judge.

The United States of America, Internal Revenue Service ("IRS") has moved to dismiss this case[1] because the Debtor failed to file postpetition federal income tax returns and has incurred postpetition income tax liability for the entire period that he was in bankruptcy under chapter 13. In response to the IRS motion to dismiss, the Debtor prepaid the remaining installments due under his chapter 13 plan and contends that the Court must award a discharge and close the case, rather than dismiss or convert. The Court concludes that the IRS motion must be denied, for the following reasons.

### JURISDICTION

This is a contested matter, a civil proceeding, arising in a case under title 11 and arising under title 11 of the United States Code. The United States District Court has jurisdiction under 28 U.S.C. § 1334(b). By Order dated August 9,

---

1. The motion asked for dismissal or conversion. Since no evidence or argument was presented for anything other than dismissal, the Court will address the motion only as a motion to dismiss.

1984, under authority granted by 28 U.S.C. § 157(a), the United States District Court for the Southern District of Texas referred all such proceedings to the bankruptcy judges for the district. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) and (O). The bankruptcy judge may hear and may determine core proceedings, 28 U.S.C. 157(b)(1). No party has objected to the exercise of core jurisdiction by the undersigned bankruptcy judge.

### FACTS ARE UNDISPUTED

Bryon A. Parffrey ("Debtor") filed this bankruptcy case July 1, 1996. His chapter 13 plan[2] was confirmed on May 29, 1997. The principal debt to be paid under the Debtor's plan was to the IRS[3] for tax periods that ended prior to the date that the case was filed: an IRS secured claim for $60, an IRS priority claim of $9,516.58, and an IRS unsecured, non-priority claim of $16,156.39.[4] There was no evidence presented concerning whether the Debtor filed his pre–1997 tax returns timely. However, it is undisputed that the Debtor did not file his postpetition federal income tax returns timely.

The first payment was due under the plan on August 1, 1996. The plan called for 5 payments of $200 and then 55 payments of $250, for a total of $14,750. The 60th payment would have been due July 1, 2001. The Debtor had actually paid a little ($500) ahead of schedule, because by January 22, 2001, only $1,000 remained due under the plan. On that date, the Debtor paid $1,500, more than enough to complete the plan.[5]

The plan provides that "The debtor(s) shall not incur additional debt during the term of this Plan except upon written approval of the Trustee. Failure to obtain such approval may cause the claim for such debt to be unallowable and non-dischargeable." Although the Debtor disputes the amount of the postpetition tax debt, the Debtor does not dispute that the Debtor's tax liability for 1997, 1998, and 1998 exceeded several thousands of dollars.

No evidence was submitted concerning why the Debtor paid the last 4 payments early, or why he paid $500 more than he was required to pay. The court concludes, by reasonable inference from the coincidence in dates, that the Debtor made the prepayment to defeat the IRS motion to dismiss for failure to file tax returns and failure to pay postpetition taxes. In other words, the Court finds that the Debtor prepaid the remaining amount due to the trustee on January 22, 2001, because a hearing was scheduled for January 23 on the IRS motion to dismiss the case. No evidence has been submitted to show that the delinquent tax returns have been filed.[6] Since the tax returns were not introduced into evidence at the hearing, the Court will disregard all of the Debtor's argument (in

---

**2.** Debtor's Exhibit C.

**3.** The plan shows that substantial collateral was abandoned to secured creditors, and to some extent this could be considered payment to creditors.

**4.** Debtor's memorandum, docket # 40.

**5.** A substantial amount was returned to the Debtor by the chapter 13 trustee because the Debtor had overpaid.

**6.** No tax returns were introduced into evidence at the hearing on January 23. Copies of tax returns are attached to Debtor's post-hearing memorandum of authorities. Those returns are dated by the tax return preparer on February 17, 2001. They are allegedly signed by the Debtor, but are not dated by the Debtor. There is no way that the Court can know when, or if, these returns were actually filed under penalty of perjury.

his memorandum of authorities, docket # 40) relating to the allegedly minimal amount of tax due and the allegedly *de minimis* nature of his defalcation in not filing the tax returns.

The IRS motion to dismiss recites, and the evidence introduced at the hearing corroborates, that the IRS had received information indicating that the Debtor had received substantial sums from stock sales and non-employee compensation during the period for which tax returns were not filed. According to the evidence received at trial, those amounts were in excess of $170,000 for 1997, $1,000,000 in 1998, and $223,000 in 1999. The IRS recognizes that its information only reflects gross receipts, and does not reflect income tax liability.

The IRS has not filed a postpetition proof of claim under Bankruptcy Code Section 1305(a)(1).

## ISSUES RAISED THE PARTIES

The IRS contends that the Debtor incurred new tax debt, contrary to the order confirming the chapter 13 plan, and that failure to file the tax returns and failure to comply with the confirmation order constitutes grounds for dismissal of the case without entry of a discharge.

The Debtor contends, first, that the Bankruptcy Code[7] mandates that the Court enter a discharge if the Debtor completes the plan payments. This argument requires the Court to determine (i) whether failing to file tax returns and incurring new debt is grounds for dismissal of the case, and (ii) if it is grounds for dismissal, whether the Debtor's actions in completing plan payments after the motion is filed, but prior to hearing on the motion, preclude the Court from granting the motion.

Second, the Debtor asks the Court to exercise its discretion under Bankruptcy Code Section 1307(a) and decline to dismiss.[8] The Debtor asks the Court to consider the minimal amount of tax due and the probable result of dismissal, a denial of discharge. The Debtor also asserts that it would be inequitable to deny the Debtor a discharge after he has made all of the payments called for in his plan.

The Court declines to consider the allegedly minimal amount of tax due because no evidence on this point was submitted by the Debtor at the hearing.[9] With respect to the equities of dismissal, the Debtor asserts that dismissal would be inequitable because the Debtor would be denied a discharge and the IRS would re-attribute the payments it has actually received. Because some of the pre-bankruptcy debt provided for in the plan is so old, if the case were not dismissed (and the Debtor received a discharge) the old debt would be discharged, even though it had not been paid in full. If the case were not dismissed, the Debtor asserts that the old debt would not be discharged, and the IRS would reallocate payments so that the old debt would be deemed paid (instead of the

---

7. Bankruptcy Code Section 1328(a).

8. Bankruptcy Code Section 1307 provides that the Court "may" dismiss for cause. Dismissal is discretionary, not mandatory.

9. The Debtor's memorandum also asked the Court to consider the relatively small amount of tax actually due for 1997–1999, as shown on tax returns attached to the memorandum. The Court declines to consider this argument. First, the tax returns were not introduced into evidence. (As noted elsewhere, they were apparently not completed by the tax return preparer until after the hearing and they are not dated by the taxpayer. The Court has no assurance that they were actually signed and filed under penalty of perjury.) Second, there is no way to assure that the figures on the return are correct. They have not been examined or available for cross-examination by the IRS, opposing counsel.

tax debt that is recent enough to qualify as a priority debt). The IRS contends that the Debtor's ability to make his chapter 13 plan payments has been facilitated by his failure to pay postpetition debt, thus effectively discharging his old debt by obtaining an involuntary loan from the IRS. Therefore, the IRS contends, it would not be inequitable to dismiss the case without entry of a discharge.

## ANALYSIS OF THE LAW

*Is Failure to File Tax Returns "Cause" for Dismissal of a Chapter 13 Case?*

■ It is clear that the list of grounds for dismissal in Bankruptcy Code Section 1307(c) is illustrative, not exhaustive.[10] Failure to file a tax return can be "cause": *In re Koval*, 205 B.R. 72 (Bankr.N.D.Tx., 1996), *In re Bennett*, 200 B.R. 252 (Bankr. M.D.Fla.1996).

*Is Incurring Postpetition Debt "Cause" for Dismissal?*

The Bankruptcy Code specifically provides for postpetition debt: Bankruptcy Code Section 1305. The consequences, set forth in that section, appear to be a comprehensive treatment of postpetition debt. Dismissal is not one of those consequences. Therefore the mere fact that postpetition debt was incurred, without more, would not seem to be grounds for dismissal. However, many courts have issued orders that require the timely filing of postpetition tax returns. Failure to comply with those orders is generally found to be cause for dismissal. *See* Lundin, *Chapter 13 Bankruptcy, 3rd Ed.*, ¶ 334.1 at footnote 5.

The Court's order in this case confirming the chapter 13 plan does not provide for dismissal of the case as a consequence of incurring postpetition debt. It provides that the debt might not be dischargeable. That is consistent with Bankruptcy Code Section 1305.

In every case filed since January 1, 1999, this Court has issued an Initial Order that requires timely filing of tax returns. Therefore, if this case had been filed after that date, the Debtor's defalcations in this case would be grounds for dismissal, possibly with prejudice.

*What is the Status of the IRS Postpetition Claim for Unpaid Taxes?*

■ *Collier's* explains the IRS situation about as succinctly as it can be done:

> A holder of a claim against the debtor for taxes *becoming payable to a governmental unit during the pendency of the title 11 case* may choose to prove its claim against the chapter 13 estate. A tax on postpetition income of the debtor ... is not a liability of the chapter 13 estate; it is a liability of the debtor alone, by virtue of section 346(d). Nevertheless, the holder of a postpetition tax claim may choose to seek distribution under the chapter 13 plan by filing a proof of claim under section 1305(a)(1).[11] [Emphasis in the original.] There is no requirement that the holder file proof of a postpetition claim under section 1305.... The holder of the postpetition claim may refrain from filing proof of the postpetition claim ... A discharge granted in a chapter 13 case would not relieve the debtor of liability on a postpetition claim, unless the debt had been provided for by the plan.[12]

---

10. Bankruptcy Code Sections 102(3), 1307(c); *Collier on Bankruptcy* ¶ 1307.04[2] at fn 27; Lundin, *Chapter 13 Bankruptcy, 3rd Ed.*, ¶ 334.1.

11. *Collier's on Bankruptcy, 15th Ed.*, ¶ 1305.02[1].

12. *Collier's on Bankruptcy, 15th Ed.*, ¶ 1305.02.

The IRS might elect not to file a claim for postpetition taxes because it might consider that it is in the best interests of the United States to decline to file a claim. As Judge Lundin explains

> Taxing authorities with claims that become payable while the Chapter 13 case is pending may have an option to seek administrative expense status under § 503(b)(1)(B) or characterization as a postpetition claim under § 1305(a)(1). Courts that treat administrative *expenses* as priority *claims* in Chapter 13 cases would require full payment of the postpetition tax under § 1322(a)(2) but *without* interest. By not filing a proof of claim, the holder of a postpetition tax claim under § 1305 can control the allowance and discharge of its claim and may be better positioned to demand postpetition interest.[13] [Emphasis in original.]

*Does Completion of Plan Payments Require a Discharge Notwithstanding Failure to File Tax Returns?*

■ In a well-reasoned opinion, Judge Adler held that a chapter 13 case could be dismissed even after all payments had been made, when the IRS filed a postpetition tax claim that could not be satisfied in the plan. *In re King*, 217 B.R. 623 (Bankr.S.D.Ca.1998). Other courts have agreed. In this case, however, the IRS has not filed a postpetition proof of claim.

The IRS has shown no harm that would result from granting a discharge except that the Debtor will have, in essence, been allowed to make plan payments using funds that *should* have been paid to the

IRS for postpetition taxes. On the other hand, there may be no harm in fact since the IRS is entitled to interest on those funds.

On the other hand, the Debtor has clearly not learned a lesson. After having to file a bankruptcy case (at least in part) because of his pre-bankruptcy failure to pay federal income taxes, the Debtor failed to file 3 federal income tax returns for the 3 years after this chapter 13 plan was confirmed. In addition, one may conclude that the Debtor used postpetition funds due the IRS for taxes to make plan payments and thereby discharge his nonpriority (old) IRS debt.

If the Court had discretion in the matter, the Court would deny a discharge and dismiss the case for bad faith, evidenced by willful violation of Title 26 of the United States Code which requires individuals to file federal income tax returns, and because the Court concludes that the Debtor was not performing his obligations as a chapter 13 debtor in good faith.[14]

■ But Congress did not see fit to give bankruptcy judges discretion on this point. The statute provides that when payments are complete, the Court *shall* grant a discharge. The Supreme Court has made it abundantly clear that the words of a statute are not to be disregarded in search of equity or Congressional intent.[15] Therefore, by separate order issued this date, the chapter 13 trustee is ordered to proceed with all administrative matters related to conclusion of this case and, when those matters are concluded, the Clerk shall issue a chapter 13 discharge and

---

13. Lundin, *Chapter 13 Practice, 3rd Ed.,* ¶ 292.1.

14. Although bad faith is not listed as a cause for dismissal in § 1307(c), it is the most often cited basis for dismissal. Lundin, *Chapter 13 Bankruptcy, 3rd Ed.,* ¶ 334.2.

15. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)

close the case. The IRS motion to dismiss is denied because the Court does not have discretion to grant it in the circumstances currently presented.

## CONCLUSION

The result in this case should not be interpreted too broadly. The result is highly fact specific. The result might be different (i) if the case had been filed after 1999 and the standard court order been issued which requires timely filing of tax returns and payment of postpetition taxes; (ii) if the IRS had filed its motion to dismiss earlier (*e.g.* in 1997 when the Debtor failed to file the first tax return); or (iii) if the IRS had filed a postpetition proof of claim under Bankruptcy Code Section 1305(a). There might be other bases for distinction.

As for this case, the court will issue a discharge with respect to debts provided for in the plan, postpetition debts for taxes are not discharged, and the IRS may undertake appropriate collection and/or criminal actions.