**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: CHELCEY R. FOWLER; In re:
LYNDA FOWLER,

*Debtors,*

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

CHELCEY R. FOWLER; LYNDA
FOWLER,

*Defendants-Appellants.*

No. 03-16112

D.C. No.
CV-02-00507-CKJ

OPINION

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted
November 16, 2004—Telephonic Argument

Filed January 12, 2005

Before: Pamela Ann Rymer, Richard C. Tallman, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Tallman

## COUNSEL

Eric Slocum Sparks, Law Offices of Eric Slocum Sparks, P.C., Tucson, Arizona, for the appellants.

Thomas J. Clark and Ellen Page Delsole, United States Department of Justice, Tax Division, Washington, D.C., for the appellee.

## OPINION

TALLMAN, Circuit Judge:

The issue in this case is the effect of a conversion from Chapter 11 to Chapter 13 bankruptcy proceedings on the priority status of a postpetition, preconversion administrative expense claim. The Fowlers appeal the district court's order reversing the bankruptcy court, and determining that 11 U.S.C. § 348(d) requires that federal employment taxes, incurred as administrative expenses in operating their nursing home business after the Fowlers filed for Chapter 11 bankruptcy protection, but before they converted to Chapter 13, retain their priority status as administrative expenses under 11 U.S.C. § 503(b). We affirm the district court and hold that such a claim retains its administrative expense priority upon conversion.

## I

In May 1998, Chelcey and Lynda Fowler filed for Chapter

11 bankruptcy protection. While in Chapter 11, the Fowlers continued the operation of their adult long-term care facility, causing the bankruptcy estate to incur additional Federal Insurance Contribution Act and Federal Unemployment Tax Act employment tax liabilities and attendant penalties and interest on those debts. In December 1998, the Internal Revenue Service (IRS) filed a "Request for Payment" of this new debt as administrative expenses of the estate under §§ 503(a)-(b) and 507(a)(1).[1] The Chapter 11 estate continued to accrue employment tax liabilities through the fourth quarter of 1999. During this same period, the IRS amended the Request to reflect increases to the accumulating debt. The Fowlers did not file an objection to these Requests.

In May 2001, the Fowlers moved to convert their bankruptcy estate from Chapter 11 to Chapter 13. They stated that they no longer operated their long-term care facility and were now employed by others, and thus met Chapter 13 eligibility requirements. The bankruptcy court granted their conversion to Chapter 13. In June 2001, after conversion but prior to confirmation of the Chapter 13 plan, the IRS filed an amendment to the December 1998 "Request for Payment" (the "Amended Request"), to reflect additional interest and penalties which had accrued while the estate was still proceeding under Chapter 11. The amendment did not reflect any tax liability accruing after the conversion.

The Fowlers argued that the debt evidenced by the Amended Request should no longer be treated as an administrative claim, but as a prepetition unsecured priority claim under § 1305, a special Chapter 13 provision. The bankruptcy court agreed and held that a tax claim filed during the pendency of a Chapter 13 petition must be prioritized as if the claim had arisen prepetition because § 1305(b) states that claims for taxes filed under § 1305(a) are allowed or disal-

---

[1]Unless otherwise indicated, all code citations refer to the Bankruptcy Code, 11 U.S.C. §§ 101-6323.

lowed "the same as if such claim had arisen before the date of filing of the petition." The bankruptcy court noted that filing a proof of claim under § 1305 is voluntary, and therefore the IRS could have avoided application of § 1305 by not filing a claim after the conversion.

The district court reversed and held that such a claim continued to be an administrative expense because § 348(d) specifically exempts administrative expenses from prepetition treatment in a conversion. The district court found that § 348(d) is the only section that addresses the issue of administrative expenses in a conversion from one Chapter to another and that § 1305 did not apply. The Fowlers subsequently filed a motion for rehearing under Fed. Bankr. R. 8015, which the district court denied. They now appeal both the reversal of the bankruptcy court ruling on the appropriate priority of the tax liability and the denial of the motion for reconsideration.

## II

**[1]** As a threshold matter, we must establish that jurisdiction over the Fowlers' appeal is proper. Under 28 U.S.C. § 158(a), we have jurisdiction to hear appeals "from final judgments, order, and decrees" entered by a district court on appeal from a bankruptcy court. Because of the unique nature of bankruptcy proceedings, this court applies a pragmatic approach to determining finality. *Saxman v. Educational Credit Mgmt. Corp. (In re Saxman)*, 325 F.3d 1168, 1171 (9th Cir. 2003); *Dawson v. Wash. Mutual Bank (In re Dawson)*, 390 F.3d 1139, 1145 (9th Cir. 2004).

Two tests have developed in the Ninth Circuit to address the question of finality for bankruptcy proceedings. *See In re Olshan*, 356 F.3d 1078, 1082-83 (9th Cir. 2004). Under *Vylene Enters., Inc. v. Naugles, Inc. (In re Vylene Enters., Inc.)*, 968 F.2d 887, 895-96 (9th Cir. 1992), we apply a four-pronged test that considers: "(1) the need to avoid piecemeal

litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *In re Olshan*, 356 F.3d at 1082 (internal citation omitted). Under *Bonner Mall P'ship v. U.S. Bancorp Mortgage Co. (In re Bonner Mall P'ship)*, 2 F.3d 899, 904 (9th Cir. 1993), we consider whether the central issue raised on appeal "is legal in nature and its resolution either (1) could dispose of the case or proceedings and obviate the need for factfinding; or (2) would materially aid the bankruptcy court in reaching its disposition on remand." *In re Olshan*, 356 F.3d at 1082-83 (quoting *In re Bonner Mall P'ship*, 2 F.3d at 904).

**[2]** Under either test, the district court order here is sufficiently final for our jurisdiction over this appeal to be proper. There are no facts in dispute and the remand requires only that the Chapter 13 plan conform to the legal determination on priority. Deciding the legal question now would be judicially efficient, would not interfere with the bankruptcy court's fact finding role, and would avoid additional harm to the Fowlers and their creditors due to the delay in closing the bankruptcy proceedings. *See In re Vylene Enters.*, 968 F.2d at 895-96. The bankruptcy proceedings will be controlled by the question of law before us regarding the priority of the IRS claim and deciding the issue now would materially aid the bankruptcy court. *See In re Bonner Mall P'ship*, 2 F.3d at 904; *see also In re Olshan*, 356 F.3d at 1083 (accepting jurisdiction where the appeal concerned primarily a question of law and resolution of the question would materially aid the bankruptcy court's determination of the extent to which a claim should be allowed). We therefore hold that we have jurisdiction over the Fowlers' appeal.

## III

We review *de novo* the district court's decision on appeal from a bankruptcy court. *In re Saxman*, 325 F.3d at 1172. The bankruptcy court's conclusions of law, including interpreta-

tions of the bankruptcy code, are reviewed *de novo* and its factual findings are reviewed for clear error. *See Einstein/ Noah Bagel Corp. v. Smith (In re BCE West, L.P.)*, 319 F.3d 1166, 1170 (9th Cir. 2003). There are no factual questions before us. The Fowlers do not challenge classification of the employment tax debt as an administrative expense incurred by the estate prior to the filing for conversion to a Chapter 13 bankruptcy. The question before us is whether the debt lost its administrative expense status upon conversion.

The question of status is important because it affects the priority of the debt in the bankruptcy proceeding. First priority is granted, *inter alia*, to administrative expenses of the bankruptcy estate. *See* § 507(a)(1). Postpetition tax debt may constitute an administrative expense if it relates to "any tax incurred by the estate," except certain defined taxes not applicable here. § 503(b)(1)(B)(i). The first priority accorded to administrative expense taxes also extends to interest and penalties that accrue on that debt. *See Towers v. United States (In re Pacific-Atlantic Trading Co.)*, 64 F.3d 1292, 1298 (9th Cir. 1995); *see also United States v. Ledlin (In re Mark Anthony Constr., Inc.)*, 896 F.2d 1101, 1104-08 (9th Cir. 1989). A Chapter 13 confirmation plan must provide that administrative expenses, including penalties and interest, be paid in full as priority claims. *See* § 1322(a)(2); *see also In re Mark Anthony Constr., Inc.*, 886 F.2d at 1106, 1108.

**[3]** In contrast, a tax which is prepetition and unsecured is generally given eighth priority. § 507(a)(8). These eighth priority tax claims are also paid in full over the term of the Chapter 13 plan but without interest. *See generally* § 1322(a); *see also In re Dorf*, 219 B.R. 498, 501 n.3 (Bankr. N.D. Ill. 1998) (finding that §1322(a)(1) does not require payment of interest); *In re Smith*, 196 B.R. 565, 569 (Bankr. M.D. Fla. 1996) (finding that § 1322(a)(2) does not require the payment of postpetition interest). Therefore, the most important distinction between administrative expense tax claims and unse-

cured priority tax claims in Chapter 13 is that the IRS cannot recover interest on prepetition unsecured priority tax claims.

The district court relied on § 348(d) to hold that postpetition, preconversion administrative expenses retain their status. Section 348(d) provides that:

> A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112 . . . , *other than a claim specified in section 503(b) of this title*, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

§ 348(d) (emphasis added). A conversion under § 1112 includes conversions from Chapter 11 to Chapters 7, 12, or 13. § 1112(a) and (d).

**[4]** Other circuits have acknowledged that § 348(d) requires that § 503(b) administrative expense claims retain their preconversion priority status in conversion under § 1112 from Chapter 11 to Chapter 7. *See, e.g.*, *In re Benjamin Coal Co.*, 978 F.2d 823, 827 (3rd Cir. 1992) ("Section 348(d) unquestionably would have preserved an administrative claim [ ] if [the debtor] had possessed an administrative claim at the time of the conversion to Chapter 7."); *United States v. Ginley (In re Johnson)*, 901 F.2d 513, 520 (6th Cir. 1990) (stating that "we are satisfied that this exception in 348(d) indicates that administrative expenses maintain their priority status").

**[5]** Bankruptcy courts addressing the issue have also determined that administrative expense status is retained in a conversion. *See, e.g.*, *In re Allen*, 67 B.R. 46, 49 (Bankr. W.D.N.Y. 1986) (determining that postpetition, preconversion taxes, penalties, and interest that were § 503(b) administrative expenses retained first priority status in a conversion from Chapter 11 to Chapter 13); *see also In re Blue Ribbon Deliv-*

*ery Serv., Inc.*, 31 B.R. 292, 293 (Bankr. W.D. Ky. 1983) (holding that "an administrative expense claim for withholding taxes incurred during the pendency of a Chapter 11 proceeding retains its character as an administrative expense after a subsequent conversion to a [Chapter 7] case").[2]

**[6]** The Supreme Court has not spoken clearly on the matter but has indirectly endorsed this approach. In *United States v. Noland*, 517 U.S. 535 (1996), the parties had agreed that claims for taxes and interest that accrued after a Chapter 11 filing and before conversion to Chapter 7 were entitled to priority as administrative expenses in the Chapter 7 estate. *Id.* at 537. The Supreme Court held that the penalties associated with the tax debt were *also* postpetition administrative expenses under §§ 348(d) and 503(b)(1). *Id.* at 541 n.3 ("Congress has already determined that [a § 503(b) penalty] is not to be treated like prepetition penalties.").

**[7]** The general approach, therefore, has been to interpret § 348(d) as preserving administrative expense status upon conversion from Chapter 11 to Chapter 7 under § 1112(a), and we see no reason to treat differently administrative expense priority in a conversion from Chapter 11 to Chapter 13 under § 1112(d). Section 348(d) expressly applies to conversions under § 1112 without distinguishing between the various bankruptcy chapters. While we acknowledge that

---

[2]The Fowlers cite several bankruptcy cases for the proposition that the government may not pursue an administrative expense claim in a Chapter 13 proceeding. *See In re Parffrey*, 264 B.R. 409, 413-14 (Bankr. S.D. Tex. 2001); *In re King*, 217 B.R. 623, 625 (Bankr. S.D. Cal. 1998); *In re Dixon*, 210 B.R. 610, 615 (Bankr. W.D. Okla. 1997); *In re Gyulafia*, 65 B.R. 913, 915-16 (Bankr. D. Kan. 1986); *In re Wright*, 66 B.R. 125, 126-27 (Bankr. D. Kan. 1984). However, these cases all refer to bankruptcy proceedings which were filed originally as Chapter 13 proceedings, where no conversion occurred, and so are inapplicable in the Fowlers' case. The Fowlers rely on one case, *In re Hudson*, 158 B.R. 670 (Bankr. N.D. Ohio 1993), that involves a conversion from Chapter 7 to Chapter 13. However, *In re Hudson* concerned debtors' income tax liability, not employment tax administrative expenses, and so is also inapplicable.

Chapter 13 bankruptcy may be more generous to debtors than Chapter 7, this is an insufficient basis for treating debtors differently under § 348(d) where no such distinction is made in the statute. We think that it would be anomalous to treat an administrative expense in one preconversion Chapter differently than in another Chapter without clear congressional intent to do so.

The Fowlers argue that § 1305 supports their position that conversion to Chapter 13 requires different treatment under § 348(d) than conversion to Chapter 7 because there is no equivalent statute in Chapter 7. Section 1305(a) states that "[a] proof of claim may be filed by any entity that holds a claim against the debtor [ ] for taxes that become payable to a governmental unit while the case is pending[.]" Such a claim "shall be allowed or disallowed under section 502 of this title, but shall be determined as of the date such claim arises, and shall be allowed . . . or disallowed . . . the same as if such claim had arisen before the date of the filing of the petition." § 1305(b). The Fowlers argue that this language requires any claim for postpetition tax be treated as a prepetition tax for all purposes. They construe § 1305 as conflicting with § 348(d) and argue that § 1305 should control because it is the more specific statute.

We are not persuaded by this argument because we see no conflict between the two statutes. The language of § 1305 does not govern priority status. Instead, it creates the right permitting an eligible postpetition creditor to enter into the Chapter 13 bankruptcy proceeding, in contrast to most postpetition creditors who have no right to enter into an ongoing bankruptcy plan. The limited effect of § 1305 is evidenced by the distinction between the statutory language in §§ 348(d) and 1305(b). Section 348(d) states that a non-section 503(b) claim arising after the order for relief but before conversion "shall be treated *for all purposes* as if such claim had arisen immediately before the date of the filing of the petition." § 348(d) (emphasis added). Section 1305(b) states only that a

claim filed under § 1305(a) "shall be determined as of the date such claim arises, and shall be *allowed under section 502(a), 502(b), or 502(c) of this title, or disallowed under section 502(d) or 502(e) of this title*, the same as if such claim had arisen before the date of the filing of the petition." *Id.* (emphasis added).

By listing the specific subsections to which § 1305(b) applies, Congress has sufficiently demonstrated its intent that this provision not have general effect. Section 1305 requires only what it says — that for purposes of allowing or disallowing a creditor's claim, the claim is treated as if it arose prepetition. It does not address the statutory treatment of the claim itself once it has been allowed into the bankruptcy proceeding. A § 1305 claim is not automatically determined as if it were a prepetition claim for all purposes, and so there is no conflict with § 348(d). Therefore, the Fowlers' employment tax debt retains its administrative expense status.

Finally, the Fowlers argue that the tax debt must be recharacterized as prepetition because a Chapter 13 estate cannot be charged with an administrative claim for taxes, relying on § 346(d) and 26 U.S.C. § 1398. We find this argument to be without merit. Both of these statutes relate to income taxes. Section 346(d) provides that in Chapter 13 bankruptcy state or local taxes "imposing a tax on or measured by income" of the bankruptcy estate or debtor may only be taxed to the debtor, not to the estate. 26 U.S.C. § 1398 is a tax provision that controls the treatment of taxpayers in Chapter 7 and Chapter 11 bankruptcy proceedings for federal income tax purposes. However, the Fowlers' tax debt involves only employment taxes, not income taxes, so neither § 346(d) nor 26 U.S.C. § 1398 applies here.

[8] We therefore affirm the district court and hold that § 348(d) requires that in a conversion under § 1112 from Chapter 11 to Chapter 7, 12, or 13, section 503(b) expenses retain their status as postpetition administrative expenses.

**IV**

We review for an abuse of discretion the denial of a district court's motion for rehearing. *See Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Whether or not to grant reconsideration is committed to the sound discretion of the court.").

The Fowlers timely filed a motion for reconsideration of the district court's judgment under Fed. R. Bankr. P. 8015, which grants a party the right to file a motion for rehearing but does not explicitly provide a standard for granting such a motion. The district court denied the motion, applying the review standard applicable to Fed. R. App. P. 40(a)(2), which requires that a motion for rehearing state with particularity each point of law or fact that the movant believes the court has overlooked or misapprehended. The district court concluded that, while Rule 8015 does not explicitly provide a standard, it was reasonable to apply the federal rule standard to the bankruptcy rule because the Advisory Committee Notes to Rule 8015 state that it was an adaptation of Fed. R. App. P. 40(a).

**[9]** We affirm the denial of the Rule 8015 motion. The district court did not abuse its discretion by looking to a parallel federal appellate rule for guidance in applying a reasonable standard to a motion for rehearing. The Fowlers' argument that the district court failed to apply "the strict language of Bankruptcy Rule 8015" to their motion is misplaced, as the "strict language" of the rule simply does not speak to the issue. Further, the bankruptcy court itself has applied the Rule 40 standard as the district court did here. *See Olson v. United States*, 162 B.R. 831, 834 (Bankr. D. Neb. 1993) (stating that it is appropriate to look to the appellate rule for guidance because Rule 8015 was derived from Rule 40); *see also, e.g.*, *Kosmala v. Imhof (In re Hessco Indus., Inc.)*, 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003) (citing *Olson*, 162 B.R. at 834); *Young v. Paramount Comm., Inc. (In re Wingspread Corp.)*,

186 B.R. 803, 807 (S.D.N.Y. 1995) (citing *Olson*, 162 B.R. at 834). Other bankruptcy courts have applied different standards,[3] but the inquiry here is whether the district court abused its discretion. The Fowlers fail to demonstrate that the standard is inapplicable in the bankruptcy context or that an abuse of discretion occurred.

## V

[10] The district court's remand to the bankruptcy court was sufficiently final for appellate jurisdiction to attach. We hold that § 348(d) requires that postpetition employment tax debt, incurred as an administrative expense of a Chapter 11 bankruptcy estate, retains its first priority administrative expense status upon conversion to a Chapter 13 bankruptcy plan. Section 1305 is not in conflict with this holding because it does not govern the priority of the postpetition claims it allows into the bankruptcy proceeding. Finally, the district court did not abuse its discretion by applying the standard of Fed. R. App. P. 40 to the Fowlers' Fed. R. Bankr. P. 8015 motion for reconsideration.

AFFIRMED.

---

[3]*See, e.g.*, *The Shawnee State Bank v. First Nat'l Bank of Olathe (In re Winders)*, 202 B.R. 512, 517 (D. Kan. 1996) ("Motions to reconsider should be granted where: (1) the Court has patently misunderstood a party, (2) the court has made a decision outside the adversarial issues . . . presented by the parties, (3) the court has made an error not of reasoning but of apprehension, or (4) there is a controlling or significant change in the law or facts since the submission of the issue to the Court.") (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (ellipses in original).