
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: KEVAN HARRY GILMAN, <br><br> Debtor, <br><br> ——————————————— <br><br> TAMMY R. PHILLIPS; TAMMY R. PHILLIPS, A PROF. LAW CORP., <br><br> Appellants, <br><br> v. <br><br> KEVAN HARRY GILMAN, <br><br> Appellee. | No. 12-55843 <br><br> D.C. No. 2:11-cv-09327-DOC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

——————————————

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellants Tammy R. Phillips and Tammy R. Phillips, a Professional Law Corporation, appeal from the district court's order dismissing their appeal of the bankruptcy court's order denying their special motion to strike an affirmative defense in the adversary proceedings they brought against debtor Kevan Harry Gilman. We review de novo both our own jurisdiction and whether a bankruptcy court's decision is final under 28 U.S.C. § 158(d). *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003). We dismiss.

We lack appellate jurisdiction because the bankruptcy court's order denying Appellants' motion entitled "Special Motion to Strike Under California's anti-SLAPP Statute" is not a final decision. *See Rains v. Flinn (In re Rains)*, 428 F.3d 893, 901 (9th Cir. 2005) (explaining that this court has jurisdiction only when both the bankruptcy court order and the decision of the district court acting in its bankruptcy appellate capacity are final orders); *United States v. Fowler (In re Fowler)*, 394 F.3d 1208, 1211 (9th Cir. 2005) (discussing "pragmatic approach to determining finality" of bankruptcy court orders and setting forth tests to determine finality).

We deny Appellants' request to treat their notice of appeal as a petition for writ of mandamus. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir.

1977) (discussing five factors to consider when deciding whether the "extraordinary" remedy of mandamus is warranted).

All pending motions are denied.

**DISMISSED.**