NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: YAN SUI,<br><br>          Debtor,<br><br>———————————————<br><br>YAN SUI, an individual,<br><br>          Appellant,<br><br>  v.<br><br>RICHARD ALAN MARSHACK, Chapter 7 Trustee; AMRANE COHEN,<br><br>          Appellees. | No. 13-60068<br>No. 13-60069<br>No. 13-60070<br><br>BAP No. 12-1223<br>BAP No. 12-1366<br>BAP No. 12-1367<br><br>MEMORANDUM[*] |

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Pappas, and Dunn, Bankruptcy Judges, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In these consolidated appeals, Yan Sui appeals pro se from the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's order reconverting Sui's Chapter 13 bankruptcy to a Chapter 7 proceeding, and dismissing for lack of jurisdiction Sui's appeals of the bankruptcy court's orders allowing administrative claims for fees and expenses. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The BAP properly determined that the bankruptcy court did not abuse its discretion by reconverting Sui's Chapter 13 bankruptcy to a Chapter 7 proceeding, and that the bankruptcy court's findings of bad faith were not clearly erroneous. *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373 (2007) (Chapter 13 proceeding may be converted to a Chapter 7 proceeding "for cause," including bad faith conduct); *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 771 (9th Cir. 2008) (setting forth standard of review).

The BAP properly determined that it lacked jurisdiction to review the bankruptcy court's interlocutory orders allowing administrative claims for fees and expenses because those orders are not final decisions. *See United States v. Fowler*

*(In re Fowler)*, 394 F.3d 1208, 1211 (9th Cir. 2005) (discussing "pragmatic approach to determining finality" of bankruptcy court orders and setting forth tests to determine finality); *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 858 (9th Cir. 2004) ("[I]nterim awards are interlocutory and often require future adjustments[;] they are always subject to the court's reexamination and adjustment during the course of the case." (citation and internal quotation marks omitted)).

We reject Sui's contentions that his bankruptcy was moot and that the BAP erred by not amending its decision.

Sui's request for sanctions, set forth in his reply brief, is denied.

We grant Sui's request for judicial notice filed on January 6, 2014.

**AFFIRMED.**