NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM ROBERT NORRIE, | No. 17-56532 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02163-DSF |
| v. | |
| BRAD KRASNOFF, Chapter 7 Trustee; MARK BLISS, | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| In re: WILLIAM ROBERT NORRIE, | No. 18-56324 |
| Debtor. | D.C. No. 2:16-cv-02163-DSF |
| _____ | |
| WILLIAM ROBERT NORRIE, | |
| Appellant, | |
| v. | |
| BRAD KRASNOFF, Chapter 7 Trustee; MARK BLISS, | |
| Appellees. | |

Appeals from the United States District Court
for the Central District of California

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Dale S. Fischer, District Judge, Presiding

Submitted July 15, 2019[**]

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

In these consolidated appeals, chapter 7 debtor William Robert Norrie appeals pro se from the district court's orders denying his motions for relief under Federal Rule of Civil Procedure 60. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion the district court's decisions regarding reconsideration. *United States v. Fowler (In re Fowler)*, 394 F.3d 1208, 1214 (9th Cir. 2005). We affirm.

The district court did not abuse its discretion in denying as untimely Norrie's "Request For Relief Under F.R.Civ.P 60," received by the district court on September 14, 2017, because the motion was filed more than 14 days after entry of the district court's judgment. *See* Fed. R. Bankr. P. 8022.

The district court did not abuse its discretion in denying for lack of jurisdiction Norrie's "Motion To Request Relief Under F.R.Civ.P. 60(b)(6) From The Court's Order denying Motion For Reconsideration Dated November 29, 2017," filed on August 8, 2018. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event

---

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

We lack jurisdiction to consider Norrie's arguments concerning the district court's September 22, 2016 order, because Norrie failed to file a timely notice of appeal or motion for rehearing. *See* Fed. R. App. P. 4(a)(1) (time to file notice of appeal); Fed. R. App. P. 6(b) (Rule 4(a)(1) applies to an appeal from final judgment of district court acting in appellate jurisdiction; timely motion for rehearing tolls the time to file an appeal); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (timely filing of a notice of appeal in a civil case is a jurisdictional requirement).

We do not consider Norrie's contentions concerning issues in his other appeals.

Appellee Mark Bliss's motion to file a corrected brief (Docket Entry No. 37 in No. 17-56532 and Docket Entry No. 17 in No. 18-56324) is granted. The Clerk shall file the answering brief submitted at Docket Entry No. 36 in No. 17-56532 and at Docket Entry No. 16 in No. 18-56324.

**AFFIRMED.**

17-56532