**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3386

_____

In re:  ANDREA GENRETTE,
                                                  Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-18-cv-00920)
District Judge:  Honorable Maryellen Noreika

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2020

Before:  SHWARTZ, RESTREPO and NYGAARD, Circuit Judges

(Opinion filed: March 17, 2020)

_____

OPINION*

_____

PER CURIAM

        Pro se appellant Andrea Genrette appeals the District Court's order denying

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

rehearing of its order affirming the Bankruptcy Court's order lifting an automatic stay. For the reasons detailed below, we will affirm.

Genrette owns real property in New Castle, Delaware; Bank of New York Melon holds the mortgage and note. Genrette filed a Chapter 13 bankruptcy petition in 2015, and later that year the Bankruptcy Court entered an order confirming her plan. That order provided that Genrette would continue to make regular post-petition payments to the loan servicer for the real property. See D. Del. Bankr. No. 15-11738 ECF No. 30. Genrette did not make those payments, however, and in 2017, Bank of New York filed a motion for relief from the automatic stay. See id. ECF No. 52. Genrette and Bank of New York resolved this motion by stipulation: Bank of New York agreed to stay the motion and Genrette agreed to make the required monthly payments going forward. The stipulation further provided that, if Genrette failed to make the payments and then failed to cure nonpayment within ten days of receiving notice, the stay would automatically be lifted without a hearing. The Bankruptcy Court entered an order approving the stipulation. See id. ECF No. 60.

Genrette again did not make the required payments, and Bank of New York filed a notice of default. At a hearing, Genrette acknowledged that she had withheld payments, arguing that this was appropriate because she had discovered various pre-petition accounting errors. The Bankruptcy Court granted Bank of New York's motion, see id. at ECF No. 90, and Genrette appealed to the District Court. On February 7, 2019, the District Court affirmed the Bankruptcy Court's order. Genrette then requested rehearing under Fed. R. Bankr. P. 8022, which the District Court also denied. Genrette then filed a

timely notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 158(d)(1). We review the District Court's denial of rehearing for abuse of discretion. See In re Fowler, 394 F.3d 1208, 1214 (9th Cir. 2005).[1]

The District Court did not abuse its discretion here. Genrette initially argues that the District Court should have granted rehearing to account for Shrewsbury v. Bank of N.Y. Mellon, 160 A.3d 471 (Del. 2017), where the Delaware Supreme Court held that a mortgage holder can foreclose on a mortgage only if it also owns or holds the note. See id. at 477. Genrette argues that this case establishes that Bank of New York lacks standing to seek relief from the automatic stay.

There are two problems with this argument. First, the argument fails to account for the fact that Genrette stipulated that Bank of New York would be entitled to this relief if she failed to make certain payments. While she apparently now has reconsidered that stipulation, "even if [her] decision to settle was improvident in hindsight, the decision has been made and cannot be revisited." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 275 (3d Cir. 2002) (explaining that the appellant "must bear the consequences of its informed,

---

[1] In both her notice of appeal and her brief on appeal, Genrette has challenged the denial of her rehearing motion, not the District Court's underlying judgment. See Br. at 1; D. Ct. ECF No. 47. Accordingly, we will review only that order. See Fed. R. App. P. 3(c)(1)(B); Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (quotation marks, alteration omitted)).

3

counseled and voluntary decision" to settle).[2]  Second, while Genrette seems to argue that

Bank of New York does not hold the note, the record does not support this claim; rather,

it shows that Bank of New York possesses the note, which has been indorsed to it.  See

S.A. at 59–60; see also Del. Code Ann. tit. 6, § 3-301 (stating that "the holder of the

instrument" is entitled to enforce it); id. § 1-201 (defining "holder" as "[t]he person in

possession of a negotiable instrument that is payable either to bearer or to an identified

person that is the person in possession").[3]  Thus, Genrette has not shown that the District

Court abused its discretion in declining to reconsider its judgment on this basis.

Genrette also argues that her attorney signed the stipulation without her consent.

At the hearing before the Bankruptcy Court, however, Genrette made some statements

that are inconsistent with this theory.  See, e.g., D. Ct. ECF No. 98 at 9 ("The Court:

Hang on.  There was a stipulation that the parties entered into. Ms. Genrette: Correct.").

In any event, as the District Court explained, Genrette did not raise this argument before

the Bankruptcy Court, and consequently waived it.  See In re Kaiser Grp. Int'l Inc., 399

F.3d 558, 565 (3d Cir. 2005).

Accordingly, we will affirm the District Court's judgment.

---

[2] This analysis also defeats Genrette's arguments that alleged improprieties in pre-stipulation fees, assignments, or the proof of claim should prevent Bank of New York from lifting the stay.

[3] A "party in interest" is eligible for relief from a stay.  11 U.S.C. § 362(d).  "[T]he holder of the note and mortgage . . . may be a party in interest."  3 Collier on Bankruptcy ¶ 362.07[2] (Richard Levin & Henry J. Sommer eds., 16th ed. 2019); see generally In re Edwards, 454 B.R. 100, 105 (B.A.P. 9th Cir. 2011).

4