**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY GRAY THOMAS, | No. 19-56461 |
| Appellant, | |
| v. | D.C. No. 2:18-cv-05804-JGB |
| ALBANY INVESTMENT PROPERTIES, LLC, | MEMORANDUM* |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Jeffrey Gray Thomas appeals pro se from the district court's order dismissing his bankruptcy appeal for failure to file required documents. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review for an abuse of discretion. *Fitzsimmons v. Nolden (In re Fitzsimmons)*, 920 F.2d 1468, 1471 (9th

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 1990). We affirm.

The district court did not abuse its discretion by dismissing Thomas's appeal for failure to file all of the documents required by Federal Rule of Bankruptcy Procedure 8009, after providing additional time and multiple warnings that failure to do so would result in dismissal. *See* Fed. R. Bankr. P. 8003(a)(2) (an appellant's failure to take steps to prosecute a bankruptcy appeal may be grounds for dismissal); *Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) (court must show it had sufficiently considered and exhausted alternatives to dismissal).

The district court did not abuse its discretion by denying Thomas's motion to reopen the appeal because Thomas failed to establish grounds for such relief. *See* Fed. R. Bankr. P. 8022(a)(2); *United States v. Fowler (In re Fowler)*, 394 F.3d 1208, 1214-15 (9th Cir. 2005) (setting forth standard of review).

We reject as without merit Thomas's contention that the district court should have construed his motion to reopen as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). *See* Fed. R. Bankr. P. 8001(a) (Part VIII rules govern procedure in a United States district court on appeal from an order of a bankruptcy court).

Because we affirm the district court's order dismissing the appeal, we do not consider Thomas's challenges to the bankruptcy court's order disallowing his claims.

19-56461

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**