NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3178
_____

In re: LAURENCE A. HECKER, Debtor


STEVEN D'AGOSTINO,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-20-cv-06330)
District Judge: Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 14, 2022

Before: MCKEE, SHWARTZ, and MATEY, Circuit Judges

(Opinion filed: July 19, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven D'Agostino, proceeding pro se, appeals from the District Court's order affirming the Bankruptcy Court's adverse ruling and the District Court's order denying his subsequent motion for reconsideration. We will affirm.

In May 2010, Laurence A. Hecker filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of New Jersey. The Bankruptcy Court appointed the appellee, Bunce D. Atkinson, as trustee of the estate. In January 2011, Hecker received a discharge and Atkinson issued a report of no distribution. Approximately nine years later, D'Agostino, a creditor of Hecker, filed a motion to reopen Hecker's bankruptcy case in order to pursue a state-court action against Atkinson.[1] In the motion, D'Agostino claimed that Atkinson had breached his duties by failing to provide him with notice of various proceedings in the bankruptcy case. The Bankruptcy Court denied D'Agostino leave to pursue the proposed action on the ground that he failed to make a prima facie case that his claims were "not without foundation." In re VistaCare Grp., LLC, 678 F.3d at 232. Specifically, the Bankruptcy Court concluded that Atkinson was shielded from liability under the doctrine of qualified immunity. D'Agostino sought reconsideration, but the Bankruptcy Court denied relief. Upon review, the United States District Court for the District of New Jersey affirmed. D'Agostino sought

---

[1] It is undisputed that D'Agostino was required to obtain permission from the Bankruptcy Court before pursuing his suit against Atkinson. See Barton v. Barbour, 104 U.S. 126, 128 (1881) (barring suit against a receiver unless "leave of the court by which he was appointed [was] obtained"); In re VistaCare Grp., LLC, 678 F.3d 218, 224 (3d Cir. 2012) (holding that the Barton doctrine extends to lawsuits against a bankruptcy trustee for acts done in the trustee's official capacity).

reconsideration of that order as well but was likewise denied relief. This appeal followed.

The District Court had jurisdiction over the appeal from the Bankruptcy Court under 28 U.S.C. § 158(a), and we have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. On appeal, "we 'stand in the shoes' of the District Court and review the Bankruptcy Court's decision." In re Global Indus. Techs., Inc., 645 F.3d 201, 209 (3d Cir. 2011) (en banc) (citations omitted). We review a bankruptcy court's decision to deny a motion for leave to sue a trustee for abuse of discretion. In re VistaCare Grp., LLC, 678 F.3d at 224. We review the District Court's denial of reconsideration for abuse of discretion. See In re Fowler, 394 F.3d 1208, 1214 (9th Cir. 2005).

The Bankruptcy Court did not abuse its discretion here. First, we agree with the Bankruptcy Court that D'Agostino failed to make a prima facie case that his claims against Atkinson were "not without foundation," In re VistaCare Grp., LLC, 678 F.3d at 224 (quotation marks omitted), as Atkinson was entitled to qualified immunity, see In re J & S Props., LLC, 872 F.3d 138, 143 (3d Cir. 2017). "To overcome qualified immunity, a plaintiff must plead facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Mammaro v. N.J. Div. of Child Prot. & Permanency, 814 F.3d 164, 168–69 (3d Cir. 2016) (quotation marks omitted). As the Bankruptcy Court explained, D'Agostino did not claim that Atkinson violated any statutory rights. While he did claim that Atkinson's failure to notify him of proceedings amounted to a due process violation, it was Hecker's duty, not Atkinson's, to provide him with notice. See 11 U.S.C. § 704(a)

3

(listing the trustee's duties). To the extent that D'Agostino asserts that Atkinson failed to comply with certain requirements in the Handbook for Chapter 7 Trustees, the Handbook does not set forth statutory requirements. See generally U.S. Dep't of Justice, Executive Office for U.S. Trustees, Handbook for Chapter 7 Trustees.

Second, the District Court acted within its discretion in denying D'Agostino's motion for reconsideration. D'Agostino asserted that he had obtained evidence demonstrating that Atkinson should have been disqualified from serving as trustee in the Hecker case because he and Hecker were acquaintances. As the District Court explained, the evidence indicates only that Atkinson and Hecker were both members of the same professional organization.

We have considered D'Agostino's remaining arguments on appeal and conclude that they are meritless. Accordingly, we will affirm.