NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: MARCUS DANIEL SILVER,<br><br>  Debtor.<br>_____<br><br>MARCUS DANIEL SILVER,<br><br>  Appellant,<br>_____<br><br>U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR GREENPOINT MORTGAGE FUNDING TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR7,<br><br>  Intervenor. | No. 23-60004<br><br>BAP No. 22-1101<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Faris, and Taylor, Bankruptcy Judges, Presiding

Submitted February 21, 2024[**]

Before:    FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chapter 7 debtor Marcus Daniel Silver appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's orders denying his motion to convert and his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by denying Silver's motion to convert his case from chapter 7 to chapter 13 because the record supports the bankruptcy court's finding of bad faith. *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 371, 374-76 (2007) (a bankruptcy court may deny a motion to convert bankruptcy proceedings based on a showing of bad faith by the debtor); *Khan v. Barton (In re Khan)*, 846 F.3d 1058, 1063-66 (9th Cir. 2017) (setting forth standard of review and explaining that courts must consider the totality of the circumstances in determining bad faith); *Leavitt v. Soto (In re Leavitt),* 171 F.3d 1219, 1224-25 (9th Cir. 1999) (neither malice nor actual fraud is required to find bad faith).

The bankruptcy court did not abuse its discretion by denying Silver's motion for reconsideration because Silver failed to demonstrate any basis for relief. *See* Fed. R. Bankr. P. 9023 (making Fed. R. Civ. P. 59 applicable to bankruptcy cases);

2                                                      23-60004

*Sch. Distr. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 59).

The BAP did not abuse its discretion by denying Silver's motion for rehearing because Silver failed to establish any basis for relief. *See* Fed. R. Bankr. P. 8022(a)(2); *United States v. Fowler (In re Fowler)*, 394 F.3d 1208, 1214 (9th Cir. 2005) (setting forth standard of review).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the BAP. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

The motion of U.S. Bank, National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7's ("U.S. Bank") to intervene for the purpose of opposing Silver's motion for injunction pending appeal (Docket Entry No. 12) is granted. The Clerk will file U.S. Bank's opposition submitted at Docket Entry No. 14.

All other pending motions are denied.

**AFFIRMED.**

23-60004