NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IN RE: GREGORY SCHMIDT, DEBTOR<br><br>GREGORY SCHMIDT,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>SPENCER T. MALYSIAK PROFIT SHARING PLAN,<br><br>   Defendant - Appellee. | No. 24-2767<br><br>D.C. No. 2:23-cv-00233-DJC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Submitted July 15, 2025[**]

Before: SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Chapter 7 debtor Gregory Schmidt appeals pro se from the district court's

judgment affirming the bankruptcy court's judgment exempting appellee's debt

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from Schmidt's bankruptcy discharge following a trial in an adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court did not clearly err in finding that Schmidt's debt to appellee was nondischargeable under 11 U.S.C. § 523(a)(2)(A). *See Anastas v. Am. Sav. Bank (In re Anastas)*, 94 F.3d 1280, 1283 (9th Cir. 1996) (factual determinations of whether elements of § 523(a)(2)(A) are satisfied are reviewed for clear error); *see also Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010) (setting forth elements for a claim under § 523(a)(2)(A)); *Citibank (S.D.), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1089-91 (9th Cir. 1996) (explaining when the false representation and justifiable reliance elements are met).

The district court did not abuse its discretion in denying Schmidt's motion for rehearing because Schmidt failed to establish any basis for relief. *See* Fed. R. Bankr. P. 8022(a)(2); *United States v. Fowler (In re Fowler)*, 394 F.3d 1208, 1215 (9th Cir. 2005) (setting forth standard of review).

Appellee's motions (Docket Entry Nos. 14, 15, 16) to supplement the record

are granted.

**AFFIRMED.**